**MELLINGER, SANDERS & KARTZMAN, LLC**
101 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
Joseph R. Zapata, Jr., Esq.
Tel. (973) 267-0220
*Attorneys for The Provident Bank*

**Order Filed on August 14, 2018
by Clerk U.S. Bankruptcy Court
District of New Jersey**

| In re:<br><br>**MIKE CHERY,**<br><br>Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Case No. 18-23463 (JKS)<br><br>Chapter 13<br><br>Honorable John K. Sherwood |
|---|---|

**ORDER (I) FINDING DEBTOR INELIGIBLE TO BE A DEBTOR
PURSUANT TO 11 U.S.C. § 109(g)(1); (II) CONFIRMING THAT NO STAY
IS IN EFFECT PURSUANT TO 11 U.S.C. § 362(c)(4)(a); AND (III) GRANTING
PROSPECTIVE RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)**

The relief set forth on the following page numbered two is hereby **ORDERED**.

**DATED: August 14, 2018**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| Debtor: | Mike Chery |
| Case No.: | 18-23463 (JKS) |
| Caption: | Order (I) Finding Debtor Ineligible to Be a Debtor Pursuant to 11 U.S.C. § 109(g)(1); (II) Confirming That No Stay is in Effect Pursuant to 11 U.S.C. § 362(c)(4)(A); and (III) Granting Prospective Relief Pursuant to 11 U.S.C. § 362(d)(4) |

---

This matter having been brought before the Court by motion of The Provident Bank ("Provident"), by and through counsel, Mellinger, Sanders & Kartzman, LLC, for: (i) for a determination pursuant to 11 U.S.C. § 109(g)(1) that the debtor is ineligible to be a debtor; (ii) for entry of an order confirming that no stay is in effect pursuant to 11 U.S.C. § 362(c)(4)(a); and (iii) for prospective relief pursuant to 11 U.S.C. § 362(d)(4) (the "Motion"); and it appearing that notice of the Motion has been duly served upon the parties concerned; and the Court having considered the pleadings in support of the Motion; and the Court having considered opposition to the Motion, if any; and good and sufficient cause existing for entering the within Order; it is hereby,

**ORDERED AS FOLLOWS**:

1.   The Court finds that the Debtor is ineligible to be a debtor under title 11 of the United States Code for a period of 180 days following the dismissal of the Debtor's prior case, Case No. 18-17548, on May 21, 2018.  As the Debtor filed his present bankruptcy case with such 180 day period, the Debtor's bankruptcy case be, and is hereby, dismissed.

2.   The Court confirms that pursuant to 11 U.S.C. § 362(c)(4)(A), a stay did not go in effect upon the filing of the Debtor's case and that there is no stay in effect as of the date of this Order.

3.   Provident shall be, and is hereby, granted prospective *in rem* relief from the automatic stay against the Property for a period of 180 days from the date of the entry of this Order.  Said relief shall apply in any bankruptcy case filed within the 180 day period, regardless of the identity of the debtor.

Debtor:      Mike Chery
Case No.:    18-23463 (JKS)
Caption:     Order (I) Finding Debtor Ineligible to Be a Debtor Pursuant to 11 U.S.C. § 109(g)(1); (II) Confirming That No Stay is in Effect Pursuant to 11 U.S.C. § 362(c)(4)(A); and (III) Granting Prospective Relief Pursuant to 11 U.S.C. § 362(d)(4)

---

4.      A copy of this Order shall be served upon the Debtor, Debtor's counsel and any party requesting notice pursuant to Fed. R. Bankr. P. 2002.